1  Charles S. Roseman, Esq. – 051453
2  Richard D. Prager, Esq. – 174788
   LAW OFFICES OF CHARLES S. ROSEMAN
3     & ASSOCIATES
   1761 Hotel Circle South, Suite 250
4  San Diego, California 92108
   Telephone:  (619) 544-1500
5  Facsimile:   (619) 239-6411

6  Attorneys for Plaintiff,
   DeSHAWN GROSS

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**10/05/2021** at 01:52:25 PM
Clerk of the Superior Court
By Keira McGray, Deputy Clerk

7
8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND**

9  **FOR THE COUNTY OF SAN DIEGO, CENTRAL DISTRICT**

| | |
|---|---|
| 10  DeSHAWN GROSS, | Case No.: 37-2021-00043321-CU-CR-CTL |
| 11             Plaintiff, | |
| 12  vs. | CIVIL COMPLAINT |
| 13  THE CITY OF SAN DIEGO, a public entity, | DEMAND FOR JURY TRIAL |
| 14  and DOES 1 through 40, Inclusive, | |
| 15             Defendants. | |

16
17       Plaintiff, DeSHAWN GROSS (hereinafter referred to as "Plaintiff"), files their

18  causes of action against defendants, THE CITY OF SAN DIEGO, a public entity;

19  and, DOES 1 through 40, inclusive (hereinafter collectively referred to as

20  "Defendants"); and would show unto the Court the following:

                                      **I.**

21                          **JURISDICTION AND VENUE**

22       1.     Venue is proper because the injuries and damages sustained by Plaintiff,

23  occurred as the result of an incident alleged herein in the City of San Diego, County

24  of San Diego, State of California.

25  / / / / /

26
27
28

CIVIL COMPLAINT

1

2.      Plaintiff is now, and at all times herein mentioned was a resident of the City of San Diego, County of San Diego, State of California.

## II.

## THE PARTIES

3.      Plaintiff is informed and believes and thereupon alleges that:

        a)      Defendants (as defined under 28 C.F.R. §35.104, 42 U.S.C. §§ 12101, 12102, 12131, California Civil Code §§ 51, 52, 54, 54.1 and 54.3(a)), CITY OF SAN DIEGO, and DOES 1 through 40, and each of them, are and were organized, existing and/or providing public programs, activities and/or services under the laws of the State of California, and are and were, municipal/public corporations or subsidiaries of the State of California thereof, or other forms of public and/or business entities, duly organized, licensed and existing under the laws of the State of California, authorized to do business in the State of California, and are and were the owners, lessees, operators, possessors and/or other forms of business entities charged with the responsibility of creating, building, improving, remodeling, designing, constructing, stripping, maintaining the walkways, cross walks, public right of way, sidewalks, paths of travel, accessible routes, public entrances, public egress and the real property located at or near 11th Street, between B Street and C Street, within the City of San Diego, County of San Diego.  Plaintiffs pray leave of Court to amend and/or supplement this Complaint to include the exact form of Defendants' public or business entity when ascertained, or to prove same at time of trial.

4.      The true names and capacities, whether individual, corporate, associate, partnership, agent, employee or otherwise of defendants herein named as DOES 1 through 40, inclusive, and each of them, are unknown to Plaintiff, who therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes, and based thereupon alleges, that each such fictitiously named defendant is responsible in some manner for the occurrences herein

alleged, and that Plaintiff's injuries and damages, as herein alleged, were proximately caused by said Defendants, and each of them.

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, joint venturers, contractors, partners, lessors, lessees, or subsidiaries of their remaining co-defendants, and each of them, and as such, were acting within the scope, course, and authority of such agency, employment, joint venture and/or partnership, and with the permission, consent, authorization and ratification of the remaining co-defendants and each of them.

6. Plaintiff, DeSHAWN GROSS, is an otherwise qualified individual with a disability as provided in the Americans with Disabilities Act of 1990, 42 USC §§12102, 12131, Part 5.5 of the California Health & Safety Code and the California Unruh Civil Rights Act, §§51, et seq., 52, et seq., the California Disabled Persons Act, §§54, et seq. (specially excluding section 55), California Government Code §§ 12926, 12926.1, 11135, § 12965(b), and other statutory measures which refer to the protection of the rights of "physically disabled persons." Plaintiff has visual impairments, legal blindness and/or low vision as defined by law. Plaintiff visited the places of public accommodation owned and operated by Defendants for the purpose of availing herself of, and to obtain the full and equal access to public programs, activities, or services, goods, services, facilities, privileges, advantages, or accommodations operated and/or owned by Defendants, and each of them. At all times stated herein, Plaintiff acted as a private attorney general by and through her/his/their attorneys to enforce the Code of Federal Regulations and Title 24 of the California Code of Regulations to ensure the Defendants' facilities and property are accessible not only for herself, but for other persons with disabilities.

7. Plaintiff is informed and believes and thereon alleges that the subject facilities have been newly constructed and/or underwent remodeling, repairs, or alterations since 1971, and that Defendants have failed to comply with federal and

CIVIL COMPLAINT

California access standards which applied at the time of each such new construction and/or alteration.

## III.

## FACTS

8.     Plaintiff, DeSHAWN GROSS, has visual impairments, legal blindness and/or low vision as defined by law.  Moreover, Plaintiff has had a history of or has been classified as having a physical impairment, as required by 42 USC §12102(2)(A), the California Unruh Civil Rights Act, §§51, et seq., 52, et seq., the California Disabled Persons Act, §§54, et seq.  California Government Code §§ 12926, 12926.1, 11135, 12965(b) and other statutory measures which refer to the protection of the rights of "physically disabled persons."

9.     On, before and after, February 24, 2021, and continuing to the present date (including the time of taking of Judgment in the instant matter), plaintiff, DeSHAWN GROSS, was an invitee and guest upon the subject property.  At the time and at the place described herein, Plaintiff was denied full and equal access to public programs, activities, or services full and she was denied equal access to the facilities owned and/or operated by the Defendants because the property was inaccessible to members of the disabled community who require accessible curb cuts, cross walks, public right of way, sidewalks, paths of travel, public entrances, public egress upon the Defendants' real property for mobility.  Said denial of full and equal access occurred because of barriers including, but not limited to abraded or elevated sections of concrete to exist in the public right of way, so as to create dangerous conditions and foreseeable risks of harm to members walk to the street, illegally excessive changes in elevation, improper transition areas, inaccessible paths of travel creating a tripping hazard to disabled persons, in general, the blind and visually impaired, in particular, as set forth herein.  Plaintiff alleges that said barriers continue to exist and that the disabled public is still being denied full and equal access to public programs, activities, or services and is also still being denied equal access to the facilities and

1   public right of ways, owned and/or operated by the Defendants because the property
2   remains inaccessible to members of the disabled community who require mobility
3   aids and/or assistance, including wheelchairs users.

4        10.    At all times stated herein, the existence of architectural barriers at
5   Defendants' places of public accommodation evidenced "actual notice" of defendants'
6   intent not to comply with the Americans with Disabilities Act of 1990 either then,
7   now or in the future.

8        11.    As a result of Defendants' failure to remove said barriers, and to ensure
9   her full and equal access to public programs, activities, or services, Plaintiff was
10  caused to fall upon a non-complaint condition in the public right of way, thereby
11  causing serve and profound injury to both DeSHAWN GROSS. Plaintiffs also
12  suffered emotional injuries, thus, causing her further humiliation, anger,
13  disappointment, embarrassment, degradation, loss of mobility and independence and
14  overall emotional distress.  The absence of accessible features and/or the existence
15  of inaccessible features caused Plaintiff's physical injuries as detailed above in their
16  attempt to overcome said barriers, and to gain full and equal access to public
17  programs, activities, or services. Plaintiffs are further informed, and alleges based
18  upon information and belief that the following barriers to access existed upon the
19  subject property located at 11th Street, between B Street and C Street, as follows:

20       Count 1:
21       There are no Accessible route connecting all elements upon the walk.
22       Count 2:
23       The access route has an impermissible changes in elevation.
24       Count 3:
25       Improper transition areas.
26       Count 4:
27       Inaccessible paths of travel.
28  / / / / /

12.     The wrongful conduct of Defendants, did cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the Americans with Disabilities Act of 1990 Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or regulations.

13.     At all times stated herein, the existence of said barriers at defendants' places of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990, and other similar rules, ordinances, regulates, statues and requirements, either then, now or in the future.

14.     Defendants were required to remove said barriers and barriers to ensure full and equal access to public programs, activities, or services at their existing facilities and/or services, including the site of the subject incident, as detailed herein.

15.     As a result of Defendant's conduct and Plaintiff's resulting injures, Plaintiff suffered exclusion from participation in the economic and social life of this state.

16.     The wrongful conduct of Defendants, unless and until enjoined by order of this Court, will cause great and irreparable injury to Plaintiff in that Defendants' failure to provide full and equal access to individuals with disabilities, including Plaintiff, denies Plaintiff access to and use of the subject facilities in violation of the ADA Accessibility Guidelines and/or California's Title 24 Building Code requirements, and/or other applicable Codes, statutes and/or regulations. At all times stated herein, the existence of architectural barriers at defendants' places of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

17.     Plaintiff alleges that Defendants will continue to operate public accommodations which are inaccessible to Plaintiff and to other individuals with disabilities.  Pursuant  to 42 USC §12188(a), and 42 USC §12131, et. seq., and

CIVIL COMPLAINT

California Civil Code §§ 51, et.seq., and 54, et. seq., Defendants are required to remove architectural barriers and barriers to ensure full and equal access to public programs, activities, or services at their existing facilities, including the site of the subject incident, as detailed herein.

18.   Plaintiff has no adequate remedy at law for the injuries currently being suffered in that money damages will not adequately compensate Plaintiff for the amount of harm suffered as a result of exclusion from participation in the economic and social life of this state.

19.   Plaintiff believes that architectural barriers precluding Plaintiff's full and equal access to the places of public accommodation will continue to exist at his future visits, which will result in future discrimination of Plaintiff, in violation of the Americans with Disabilities Act, California Civil Code §§ 51, et. seq. And 54, et. seq. Plaintiff is currently being subjected to discrimination because Plaintiff is denied full and equal access to public programs, activities, or services, and Plaintiff cannot safely return to, and/or are denied full and equal access to, and/or cannot make use of the facilities, goods and/or services offered by Defendants in the same manner as the non-disabled general public.

20.   Plaintiff seeks damages for each and every day that she was denied access to the subject property or was deterred from attempting to attend the subject places of public accommodation because of continuing barriers to full and equal access.

## IV.

## FIRST CAUSE OF ACTION

### (PLAINTIFF v. ALL DEFENDANTS - VIOLATION OF AMERICAN WITH DISABILITIES ACT,  42 USC §12131, et. seq., )

21.   Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

/ / / / /

22.    On or about, February 24, 2021, Plaintiff attempted to obtain full and equal access to public programs, activities, or services, including the public walkways, side walks and paths of travel, which are and were owned and operated by defendants, CITY OF SAN DIEGO, DOES 1 through 40, and each of them. Before, on, after and about, February 24, 2021, and continuing to the present time (including up until Judgement is taken in this matter) Plaintiff, was denied full and equal access to the public programs, activities, or services provided by defendants, CITY OF SAN DIEGO, and DOES 1 through 40, and each of them, as detailed above.

23.    At this time and place, defendants, CITY OF SAN DIEGO, and DOES 1 through 40, and each of them, excluded Plaintiff from participation in or denied Plaintiffs the benefit of full and equal access to its public programs, activities, and services. Pursuant to the ADA Title II (42 USC §12131, et. seq.), defendants, CITY OF SAN DIEGO, and DOES 1 through 40, and each of them, are required to provide full and equal access to its public programs, activities, and services. Plaintiff was also denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within public accommodations owned, leased and/or operated by Defendants, in violation of 42 USC §12131, et. seq., and, 42 USC §12182(a), Plaintiff was, therefore, subjected to discrimination and is entitled to injunctive relief as a result of the actions or inaction of Defendants, and each of them.

24.    Among other remedies, Plaintiff seeks an injunctive order requiring compliance with state and federal access laws for all access violations which exist at the property, requiring removal of barriers to public programs, activities, and services, including any architectural barriers and other relief the court may deem proper.

25.    Plaintiff also seeks any other order that will redress the discrimination to which she has been subjected, is being subjected and/or will be subjected.

/ / / / /
/ / / / /

CIVIL COMPLAINT

8

# V.

## SECOND CAUSE OF ACTION

### (PLAINTIFF v. ALL DEFENDANTS - VIOLATION OF CALIFORNIA CIVIL CODE)

26.     Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

27.     Based on the facts plead herein above and elsewhere in this Complaint, Defendants did, and continue to, discriminate against Plaintiff and persons similarly situated by denying disabled persons full and equal access to and enjoyment of the subject facilities and of Defendants' goods, services, facilities, privileges, advantages or accommodations within a public accommodation, in violation of California Civil Code §§ 51, et seq., 52, et seq. and/or sec. 54, et seq., at her election.

28.     Defendants' actions constitute a violation of Plaintiff's rights under California Civil Code §§ 51, et seq., 52, et seq. and/or 54, et seq., at her election, and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, at her election, she is entitled to damages under California Civil Code § 54.3 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, she will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorneys' fees and costs, including expert witness costs by right.

29.     The actions of Defendants were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51 et seq. and therefore Plaintiff is entitled to injunctive relief remedying all such violations of California access laws and standards. In addition, they are entitled to damages under California Civil Code § 52 for each offense. The amount of damages suffered by Plaintiff is not yet determined. When the amount is ascertained, she will ask the Court for leave to amend this complaint to reflect this amount. Plaintiff is also entitled to attorneys' fees and costs.

30.     Plaintiff seeks all of the relief available to them under Civil Code §§ 51, 52 et seq., and/or, at there election, §§ 54, 54.1, 54.2, 54.3, and any other Civil Code Sections which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees.

## VI.

## THIRD CAUSE OF ACTION

### (PLAINTIFF v.  ALL DEFENDANTS - CLAIM FOR DECLARATORY RELIEF)

31.     Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

32.     An actual controversy now exists in that Plaintiff is informed and believe and thereon allege that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code Sections 51, et seq., Sections 52, et seq., and Sections 54, et seq., Government Code Sections 4450, et seq., et seq., Title 24 of the California Code of Regulations, and/or Titles II and III of the Americans with Disabilities Act and Accessibility Regulations and/or other laws of the State of California to ensure disabled access to public accommodations.

33.     A declaratory judgment is necessary and appropriate at this time so that each of the parties may know their respective rights and duties and act accordingly.

## VII.

## FOURTH CAUSE OF ACTION

### (PLAINTIFF v.  ALL DEFENDANTS - CLAIM FOR INJUNCTIVE RELIEF)

34.     Plaintiffs re-allege and incorporate by reference each and every other allegation contained in this complaint as though set forth fully herein.

35.     An actual controversy now exists in that Plaintiff is informed and believes and thereon alleges that Defendants' premises are in violation of the disabled access laws of the State of California including, but not limited to, Civil Code

CIVIL COMPLAINT

Sections 51, et seq., Sections 52, et seq., and Sections 54, et seq., Government Code Sections 4450, et seq., et seq., Title 24 of the California Code of Regulations, and/or Titles II and III of the Americans with Disabilities Act and Accessibility Regulations.

36.     Plaintiff will suffer irreparable harm unless Defendants are ordered to remove the barriers to Plaintiff's use of Defendants' property, services or public accommodations, and/or to modify their policies and practices regarding accommodating people with disabilities.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.

37.     Plaintiff seeks injunctive relief to redress her injuries.

## VIII.

### FIFTH CAUSE OF ACTION

**(PLAINTIFFS v.  ALL DEFENDANTS - DANGEROUS CONDITION OF PUBLIC PROPERTY - Government Code § 835 et. seq.)**

38.     Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

39.     On or about February 24, 2021, while plaintiff was walking along and upon the real property known as 11th Street, between B Street and C Street, within the City of San Diego, County of San Diego, State of California.

40.     At this time and place Defendants, and DOES 1 through 40, and each of them, so carelessly and negligently owned, operated, managed, secured, maintained, leased, possessed, operated and otherwise controlled and inspected the premises so as to allow the property to exists with an excessive and illegally change in elevation, inaccessible walk, with raised abraded or elevated sections of concrete, to exist in the public right of way, so as to create dangerous conditions and foreseeable risks of harm to members walk to the street, illegally excessive changes in elevation, improper transition areas, inaccessible paths of travel creating a tripping hazard to disabled persons, in general, the blind and visually impaired, in particular, including plaintiff, herein, while upon such area of the premises, in violation of the laws of the United

CIVIL COMPLAINT

1   States of America and the State of California, as detailed above.

2   41.   The foreseeable risk of harm presented by the dangerous conditions of

3   described above which was created, or allowed to exist, by the negligence and

4   carelessness of Defendants, and DOES 1 through 40, and each of them, as

5   hereinabove alleged, was known, or in the exercise of ordinary and/or reasonable

6   care, should have been known, to said defendants, and each of them, in adequate and

7   sufficient time for a reasonably prudent person under the same or similar

8   circumstances as said Defendants, and each of them, to warn and/or guard against

9   members of the general public, including Plaintiff herein, of the hereinabove alleged

10  foreseeable risk of harm, or to take measures to make safe, or prevent, such

11  foreseeable risk of harm.

12  42.   As a direct and proximate result of the negligence and carelessness of

13  Defendants, and DOES 1 through 40, and each of them, in creating said conditions,

14  and failing to warn of, remedy, guard against, or make safe, such dangerous

15  conditions and foreseeable risks of harm, as hereinabove alleged, Plaintiff, was

16  caused to fall from her scooter attempting to traverse the public right of way, upon

17  the defendants' property which lacked accessible features, thereby sustaining severe,

18  permanent and debilitating injuries and damages as hereinafter alleged.

19  43.   The dangerous condition was: a) caused by negligent and/or wrongful

20  conduct of Defendants and DOES 1 through 40's employee(s) acting within the scope

21  of his/her/their employment; or b) known to Defendants and DOES 1 through 40 for

22  years before the events occurred, affording Defendants more than reasonable time to

23  discovery and correct the dangerous condition detailed herein.

24  44.   As a direct and proximate result of the negligence and carelessness of

25  Defendants, and DOES 1 through 40, and each of them, as hereinabove alleged,

26  Plaintiff was hurt and injured in her health, strength and activity, in all parts of her

27  body, and sustained shock and injury to her nervous systems and persons, all of which

28  injuries have caused and continue to cause Plaintiff great mental, physical and

CIVIL COMPLAINT

1   nervous anxiety, and pain and suffering.

2         45.   Plaintiff is informed and believes, and based thereupon alleges, that
3   said injuries will result in some permanent disability to Plaintiff, all to her general
4   damage in an amount to be proven at trial. Plaintiff is informed and believes, and
5   based thereupon alleges, that the amount in controversy herein is in excess of
6   Twenty-Five Thousand Dollars ($25,000.00) and is within the jurisdiction of this
7   Court.

8         46.   As a further, direct and proximate result of the negligence and
9   carelessness of Defendants and DOES 1 through 40, and each of them, as hereinabove
10   alleged, Plaintiff was required to, and did, employ physicians, surgeons and therapists
11   to treat and care for her and did sustain an expense for said medical treatment and
12   care, hospitalization, medicines, and for other and further medical and incidental care,
13   for which Plaintiff has incurred liability in an amount as yet unascertained. Plaintiff,
14   prays leave of Court to amend and/or supplement this Complaint to insert the actual
15   and reasonable value of all medical and incidental expenses when same have been
16   ascertained, or to prove same at trial.

17         47.   Plaintiff is informed and believes, and based thereupon alleges, that as
18   a further, direct and proximate result of the negligence and carelessness of
19   Defendants and DOES 1 through 40, and each of them, as hereinabove alleged, she
20   will necessarily require additional medical care, hospitalization, medicines, and other
21   and further medical attention in the future and will incur liability therefrom. Plaintiff,
22   prays leave of Court to amend and/or supplement this Complaint to insert the actual
23   and reasonable value of all said additional medical and incidental expenses when
24   same have been ascertained or to prove same at trial.

25         48.   As a further, direct and proximate result of the negligence and
26   carelessness of Defendants, and DOES 1 through 40, and each of them, as
27   hereinabove alleged, Plaintiff, became incapacitated and prevented from following
28   her usual occupation for an undetermined period; and as a result thereof, said Plaintiff

CIVIL COMPLAINT

suffered a loss of earnings and earning ability and capacity and other financial losses in an undetermined amount. Plaintiff prays leave of Court to amend and/or supplement this Complaint to include the exact amount of said loss of earnings, earning ability and capacity, when ascertained, and to prove same at time of trial.

49. On August 23, 2021, Plaintiff timely filed her Notice of Claims against the CITY OF SAN DIEGO in accordance with Government Code Section 900 et. seq.

50. Plaintiff's Notice of Claim has been rejected by the passage of time and the operation of law.

## IX.

## SIXTH CAUSE OF ACTION

### (ALL PLAINTIFFS v. ALL DEFENDANTS - NEGLIGENCE -
### Government Code § 815.2 et. seq.)

51. Plaintiff re-alleges and incorporates by reference each and every other allegation contained in this complaint as though set forth fully herein.

52. Plaintiff alleges and incorporates herein by reference all preceding paragraphs and allegations as if fully set forth herein, and averred against Defendants, and each of them.

53. Defendants, and DOES 1 through 40, and each of them, had a duty to exercise ordinary care in the ownership, maintenance, inspection and/or repair of the subject property.

54. Defendants and DOES 1 through 40, and each of them, failed to exercise ordinary care, as set forth more specifically above, including but not limited to the failure to, properly train and/or supervise employees/agents charges with direct duty to inspect the subject property to make sure the property was safe and usable for patrons, including disabled persons. Further to take all actions to comply with the disabled access laws of the State of California and the United States of America. Such wrongful conduct includes, but is not limited to:

a.     failing to properly hire, train and/or superiors employees and agents concerning the inspections, maintenance and repair of its property;

b.     Failing to hire, train and supervise agents and employees charged with the direct inspection, repair, supervision, maintenance, control and safety of persons, including disabled persons on the grounds; and,

c.     Failing to maintain the subject property and subject restroom in a safe condition.

55.   As a direct and proximate result of the aforesaid conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer permanent injuries to her persons, bodies, and health, as detailed herein above, and have been caused mental and physical anguish, all to their general damage in a sum in excess of the jurisdictional minimum of this Court.

56.   As a direct and proximate result of the negligence and carelessness of Defendants, and DOES 1 through 40, and each of them, as hereinabove alleged, Plaintiff was hurt and injured in her health, strength and activity, in all parts of her body, and sustained shock and injury to her nervous system and person, all of which injuries have caused and continue to cause Plaintiff great mental, physical and nervous anxiety, and pain and suffering. Plaintiff is informed and believes, and based thereupon alleges, that said injuries will result in some permanent disability to Plaintiff, all to her general damage in an amount to be proven at trial. Plaintiff is informed and believes, and based thereupon allege, that the amount in controversy herein is in excess of Twenty-Five Thousand Dollars ($25,000.00) and is within the jurisdiction of this Court.

57.   As a further, direct and proximate result of the negligence and carelessness of Defendants and DOES 1 through 40, and each of them, as hereinabove alleged, Plaintiff was required to, and did, employ physicians, surgeons and therapists to treat and care for her and did sustain an expense for said medical treatment and care, hospitalization, medicines, and for other and further medical and incidental care,

1   for which Plaintiff has incurred liability in an amount as yet unascertained. Plaintiff,
2   pray leaves of Court to amend and/or supplement this Complaint to insert the actual
3   and reasonable value of all medical and incidental expenses when same have been
4   ascertained, or to prove same at trial.

5       58.    Plaintiff is informed and believes, and based thereupon allege, that as a
6   further, direct and proximate result of the negligence and carelessness of Defendants
7   and DOES 1 through 40, and each of them, as hereinabove alleged, she will
8   necessarily require additional medical care, hospitalization, medicines, and other and
9   further medical attention in the future and will incur liability therefrom. Plaintiff
10  prays leave of Court to amend and/or supplement this Complaint to insert the actual
11  and reasonable value of all said additional medical and incidental expenses when
12  same have been ascertained or to prove same at trial.

13      59.    As a further, direct and proximate result of the negligence and
14  carelessness of Defendants, and DOES 1 through 40, and each of them, as
15  hereinabove alleged, Plaintiff, became incapacitated and prevented from following
16  her usual occupation for an undetermined period; and as a result thereof, said Plaintiff
17  suffered a loss of earnings and earning ability and capacity and other financial losses
18  in an undetermined amount. Plaintiff, prays leave of Court to amend and/or
19  supplement this Complaint to include the exact amount of said loss of earnings,
20  earning ability and capacity, when ascertained, and to prove same at time of trial.

21      60.    On August 23, 2021, Plaintiff timely filed her Notice of Claims against
22  the CITY OF SAN DIEGO in accordance with Government Code Section 900 et. seq.

23      61.    Plaintiff's Notice of Claim has been rejected by the passage of time and
24  the operation of law.

## X.

## JURY DEMAND

27      62.    Plaintiffs hereby requests a jury trial.
28  / / / / /

**WHEREFORE**, Plaintiff, DeSHAWN GROSS, prays for judgment against the defendants, CITY OF SAN DIEGO, and DOES 1 through 40, as follows:

1.     An order enjoining Defendants from violating disabled access laws of the United States and of the State of California;

2.     That the Court declare the respective rights and duties of Plaintiffs and Defendants as to the removal of barriers upon Defendants' property and places of public accommodations;

3.     General Damages for plaintiff, DeSHAWN GROSS, all in an amount to be proven at trial;

4.     An order awarding plaintiff, DeSHAWN GROSS, statutory damages for violation of Plaintiff's civil rights and for restitution including, but not limited to, $4,000 per offense in damages for each occasion upon which the above-described barriers and/or discriminatory policies existed, pursuant to the applicable Civil Code Sections including, but not limited to, §§52 and 54.3 for each and every offense of Civil Code §§51 and 54;

5.     An award for plaintiff, DeSHAWN GROSS' compensatory damages, all in an amount to be proven at trial;

6.     An award for plaintiff, DeSHAWN GROSS' special damages, all in an amount to be proven at trial;

7.     An award for plaintiff, DeSHAWN GROSS' medical and related expenses, past, present and future, all in an amount to be proven at trial;

8.     An award for plaintiff, plaintiff, DeSHAWN GROSS, an award of up to three times the amount of actual damages pursuant to the Unruh Civil Rights Act and/or the Disabled Persons Act;

9.     For attorney's fees, litigation expenses and costs in bringing this case in an amount to be proven to the Court, including costs pursuant to 42 U.S.C. § 12205, and Government Code § 12965(b);

/ / / / /

CIVIL COMPLAINT

17

10.   Interest as allowed by law; and,

11.   For such other and further relief that was requested that the Court deems just and proper and/or that the Jury awards and/or the Court orders.

DATED: October 4, 2021        LAW OFFICES OF CHARLES S. ROSEMAN & ASSOCIATES

By: _____

CHARLES S. ROSEMAN, ESQ.
RICHARD D. PRAGER, ESQ.
Attorney for Plaintiff,
DeSHAWN GROSS

CIVIL COMPLAINT

18