UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN GROSS,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, a public entity, and DOES 1 through 40, Inclusive,<br><br>Defendants. | Case No.: 22-CV-00861-RSH-BGS<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 3]** |

On October 5, 2021, Plaintiff filed her Complaint in San Diego Superior Court, Case No. 37-2021-00043321-CU-CR-CTL. ECF No. 1-3. Her Complaint was served on Defendant City of San Diego (the "City") on May 11, 2022. ECF No. 1-2. The City removed the case to this Court on June 10, 2022, based on federal question jurisdiction. ECF No. 1. Pending before the Court is Defendant's motion to dismiss the Complaint (the "Motion"). As explained below, the Court grants the motion.

**I.   Background**

The Complaint includes six claims: (1) a civil rights claim under the Americans With

1  Disabilities Act ("ADA"); (2) a civil rights claim under California Civil Code sections 51
2  (the "Unruh Act"), 52, and/or 54, "at her election"; (3) a claim for declaratory relief under
3  various provisions of State "and/or" federal law; (4) a claim for injunctive relief under
4  various provisions of State "and/or" federal law; (5) a claim based on dangerous condition
5  of public property, under California Government Code section 835; and (6) a claim for
6  negligence under California Government Code section 815.2. ECF No. 1-3. The Complaint
7  alleges that Plaintiff is visually impaired, and that she was injured when she fell on property
8  "located at or near 11th Street, between B Street and C Street" in San Diego. *Id.* at ¶¶ 3, 6,
9  11. The Complaint alleges that the property at issue poses barriers to access by disabled
10 persons, such barriers "including, but not limited to abraded or elevated sections of
11 concrete . . . illegally excessive changes in elevation, improper transition areas, [and]
12 inaccessible paths of travel." *Id.* ¶ 9. The Complaint further alleges that as a result of the
13 property's lack of accessible features, Plaintiff "was caused to fall from her scooter
14 attempting to traverse the public right of way." *Id.* ¶ 42.

**II.   Procedural History**

On June 18, 2022, the City moved to dismiss the action for failure to state a claim based on (1) Plaintiff's failure to provide fair notice as required by Federal Rule of Civil Procedure 8; (2) failure to plead a viable Unruh Act claim the City, because it is not a "business establishment" as defined in that Act; (3) failure to state stand-alone causes of action for declaratory and injunctive relief; and (4) failure to comply with the claims presentation requirement of the California Government Tort Claims Act. ECF No. 3-1. In support of the first of these arguments, the City contends that the Complaint fails to adequately identify the location and the manner in which the incident is alleged to have occurred. *Id.* at 4–5.

Plaintiff, represented by counsel, never responded to the Motion. On July 10, 2022, Plaintiff attempted to file an amended complaint. ECF No. 5. However, that filing was stricken on July 22, 2022, based on Plaintiff's failure to obtain Defendant's consent or leave of court for filing an amended complaint, as required by Rule 15(a)(2). ECF No. 6.

Since then, Plaintiff has not: (1) sought leave of Court to file an amended complaint, (2) filed an amended complaint with the consent of Defendant, or (3) responded or sought leave to respond to the Motion.

### III. Analysis

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "The Supreme Court has interpreted the 'short and plain statement' requirement to mean that the complaint must provide 'the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court agrees with Defendant that the Complaint fails to meet this standard by failing to specify with any precision the location and manner in which the alleged incident occurred. The Court also agrees with Defendant that the third and fourth claims (for declaratory and injunctive relief, respectively) are not properly pleaded because each purported claim is really a request for a remedy, based on the alleged violation of a combination of California "and/or" federal laws that are the subject of separate claims.

Under the Local Rules of this Court, failure to timely respond to a motion "may constitute a consent to the granting of a motion." Civ. L.R. 7.1(f)(3)(c). Plaintiff has not only failed to timely respond; Plaintiff has seemingly refused to respond at all. This independently warrants granting the Motion.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 3) and **DISMISSES** Plaintiff's Complaint. If Plaintiff seeks to file an amended complaint, Plaintiff must file within seven (7) days of this Order a motion seeking leave to amend. Such a motion must (1) comply with all applicable Local and Chambers Rules, including submitting a redline of the proposed amended complaint; (2) set forth the legal standard for seeking leave to amend, and explain why leave should be granted in this case;

(3) fully address every applicable argument raised by Defendant in its Motion to Dismiss; and (4) set forth cause for Plaintiff's refusal to respond previously to that motion.

If Plaintiff fails to do this within the time prescribed, her action will be dismissed with prejudice. *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice pursuant to [Federal Rule of Civil Procedure] 41(b)."); *Fordjour v. Southwall Techs., Inc.*, 126 F. App'x 351, at *1 (9th Cir. 2005) (holding that dismissal with prejudice was appropriate where plaintiff failed to prosecute despite opportunity to amend the complaint and notice that failure to comply with court orders would result in dismissal).

**IT IS SO ORDERED**.

Dated: November 7, 2022

/s/ Robert S. Huie
Hon. Robert S. Huie
United States District Judge