UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN GROSS,<br><br>    Plaintiff,<br><br>v.<br><br>THE CITY OF SAN DIEGO, a public entity, and DOES 1 through 40, Inclusive,<br><br>    Defendants. | Case No.:  22-CV-00861-RSH-BGS<br><br>**ORDER REMANDING CASE** |

On June 10, 2022, Defendant City of San Diego removed this case from California Superior Court to this Court. ECF No. 1. The Complaint included six causes of action: one cause of action under the federal Americans with Disabilities Act ("ADA"); three state-law causes of action; and two causes of action seeking the remedies of declaratory relief and injunctive relief, respectively. ECF No. 1-3.

Plaintiff thereafter filed a First Amended Complaint ("FAC"), which removed the ADA claim. ECF No. 11. Defendant moved to dismiss, arguing that the two claims for declaratory and injunctive relief were remedies rather than standalone claims, and that the remaining claims failed to comply with the pleading standards of Federal Rule of Civil

1  Procedure 8.[1] ECF No. 12. In response, Plaintiff argued that the declaratory and injunctive relief claims should not be dismissed because the case may be remanded to state court, and "[t]he Superior Court may view the viability of Plaintiff's injunctive and declaratory relief claims differently than this Court creating novel questions of state law." ECF No. 13 at 6. Plaintiff referred to "Plaintiff's anticipated motion to remand this matter back to the Superior Court," and stated that "the Court may elect to remand this action back to the Superior [Court] of California when presented with an opportunity to do so." *Id.*

Defendant removed this case on the basis of federal question jurisdiction, based solely on the ADA claim that has since been dropped from the FAC. ECF No. 1 at 1–2. The supplemental jurisdiction statute provides that district courts may decline to exercise supplemental jurisdiction over a claim, where the underlying basis for original jurisdiction is a claim that has been dismissed. 28 U.S.C. § 1367(c)(3). On March 22, 2023, this Court issued an Order to Show Cause why the case should not be remanded to Superior Court, with briefs due on April 5, 2023. ECF No. 15.

Defendant timely filed a response acknowledging that the Court has discretion to retain supplemental jurisdiction or remand the case but asked the Court to consider factors that lean in favor of retaining jurisdiction. ECF No. 16 at 1. Indeed, when exercising its discretion, the Court considers principles of "judicial economy, convenience and fairness to litigants." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "[T]he court's exercise of supplemental jurisdiction should be conservative. Federal courts are courts of limited jurisdiction and should therefore avoid '[n]eedless decisions of state law . . . as a matter of comity.'" *Balsley v. San Jose Dev. Corp.*, No. C-95-2278-VRW, 1995 WL 507109, at *1 (N.D. Cal. Aug. 15, 1995) (quoting *Gibbs*, 383 U.S. at 726).

The Court notes that Plaintiff has not, in the many months that this case has been

---

[1] Defendant's motion seeks dismissal of the entire FAC, but only specifically addresses Claims One through Four and does not address Claim Five. *See* ECF No. 12-1 at 4–5.

pending, filed its anticipated motion to remand. Additionally, Plaintiff has failed to respond to the Court's March 22, 2023 Order to file a brief addressing Plaintiff's position on supplemental jurisdiction. *See* ECF No. 15.

While the Court is sympathetic to the fact that remand will result in further delay, the case is still in the pleadings stage and the Court has not reached the merits of the Parties' dispute, which now only involves state law claims. *See Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Wild v. City of San Diego*, No. 14CV2204 JM MDD, 2014 WL 6388500, at *2 (S.D. Cal. Nov. 13, 2014) ("When federal claims are dismissed early in the case, courts routinely decline to exercise supplemental jurisdiction over the remaining state law claims."). Nor is there anything "to suggest that the state court cannot resolve these remaining claims at least as economically and expeditiously as this [C]ourt." *See Gilbert v. Hensel Phelps Const. Co.*, No. C-00-3941-VRW, 2003 WL 22384773, at *3 (N.D. Cal. Sept. 30, 2003) (finding no "compelling reason to depart from the usual course of remanding unadjudicated state claims after federal claims have been resolved"). Accordingly, the Court declines to exercise its discretion to retain jurisdiction of the state law claims. *See Scherer v. Newport Country Inn & Suites, Inc.*, No. SACV2100653CJCDFMX, 2021 WL 1979038, at *1 (C.D. Cal. May 18, 2021) (declining to retain jurisdiction after plaintiff filed an amended complaint which eliminated his sole federal, ADA claim).

Defendant has asked, in the alternative, for dismissal of Plaintiff's ADA claim with prejudice, as well as a dismissal with prejudice of any other claims that cannot be cured. ECF No. 16 at 1, 4. However, Plaintiff's operative pleading does not contain an ADA claim to dismiss. ECF No. 11. As for the remaining five claims that are the subject of Defendant's motion to dismiss, Defendant only seeks dismissal of two of those claims with prejudice, and that request is based on the fact that those two purported claims constitute remedies rather than standalone causes of action. ECF No. 12 at 5. In remanding the case, the Court denies Defendant's motion to dismiss as moot.

For the foregoing reasons, the case is hereby **REMANDED** to the Superior Court for the State of California, County of San Diego. Defendant's Motion to Dismiss (ECF No. 12) is **DENIED** as moot. The Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED**.

Dated: April 6, 2023

*Robert S. Huie*
Hon. Robert S. Huie
United States District Judge